990 F.2d 1260
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Gary ST. HILAIRE, Plaintiff-Appellant,
v.
Sam LEWIS; Arizona Department of Corrections, Defendants-Appellees.
 No. 92-15818.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided April 5, 1993.
 
 Before WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Gary St. Hilaire, an Arizona state prisoner, appeals pro se the district court's summary judgment in favor of prison officials in his 42 U.S.C. § 1983 action.[1] St. Hilaire contends that the district court erred by finding that: (1) the Arizona Department of Corrections (ADOC) is not a proper party in this action because it is immune from suit under the eleventh amendment; and (2) defendant prison officials have a rational basis for their disparate treatment of prisoners in the Central Unit and those in other units. St. Hilaire claims that prison officials-denied him equal protection by establishing a $46 indigency level in the Central Unit and a $22 indigency level for the rest of the prison system. We review de novo the district court's summary judgment. Crane v. Arizona Republic, 972 F.2d 1511, 1516 (9th Cir.1992). We have jurisdiction under 28 U.S.C. § 1291. We affirm in part, and vacate and remand in part.
 
 
 3
 Summary judgment is appropriate if the moving party presents evidence that shows that no genuine issue of material fact exists and that it is entitled to judgment as a matter of law. Once the moving party has met this initial burden, the nonmoving party has the subsequent burden of presenting significant probative evidence tending to support its claim that material, triable issues of fact remain. Fed.R.Civ.P. 56(c); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986).
 
 Disparate Treatment
 
 4
 The treatment of inmates is governed by the equal protection Clause of the fourteenth amendment. See Cruz v. Beto, 405 U.S. 319, 321-22 (1972) (per curiam). Nevertheless, " '[p]rison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.' " Whitley v. Albers, 475 U.S. 312, 321 (1986) (quoting Bell v. Wolfish, 441 U.S. 520, 547 (1970)).
 
 
 5
 Inmates are not entitled to identical treatment as other inmates merely because they are all inmates. See Norvell v. Illinois, 373 U.S. 420 (1963). A mere demonstration of inequality is not enough to establish a violation of the equal protection clause. McQuery v. Blodgett, 924 F.2d 829, 834-35 (9th Cir.1991). Absent allegations of violation of fundamental rights or the existence of a suspect classification, the equal protection clause requires only that disparate treatment be rationally related to a legitimate state interest. See McGinnis v. Royster, 410 U.S. 263 (1973).
 
 
 6
 St. Hilaire has not alleged a denial of equal protection based on membership in any suspect classification. He has alleged a denial based on his membership in the class consisting of Arizona state prisoners housed in units other than the Central unit. St. Hilaire erroneously contends that those prisoners are a suspect class. Prisoners are not a suspect classification within the meaning of the fourteenth amendment. See McQuery, 924 F.2d at 834. Therefore, there need only be a rational basis for the disparate treatment of prisoners. Id.
 
 
 7
 Here, there is a rational basis for applying a different indigency level for inmates in the Central Unit and those in other units. The Central Unit of ASPC-Florence is a maximum security unit which generally houses prisoners with high security risk levels. As a result, the freedom of movement of the prisoners in Central Unit is considerably restricted. The Rynning Unit is a medium to high security unit which generally houses inmates of lower security levels, with relatively more freedom of movement. The necessity for different rules and procedures in maximum security institutions and minimum security institutions is a rational basis for the difference in the treatment of the inmates housed in the respective institutions.
 
 
 8
 In addition, the Central Unit is under an order of the federal District Court for the District of Arizona in a case entitled Gluth v. Kangas, CIV 84-1626 PHX-CAM. The Gluth order is a result of a class action brought by the prisoners housed in the Central Unit seeking injunctive relief from the denial of access to the courts. The Gluth inmates alleged that they were being denied access to the courts because of: (1) a lack of physical access to the Central Unit Law Library; (2) insufficient access to the library without alternative access to the courts; (3) insufficient funds to afford legal supplies; and (4) inability to pursue a legal case due to an insufficient indigency plan.
 
 
 9
 The Gluth order specifically found that the Central Unit inmates had proved their allegations and set forth detailed injunctive relief which included the requirement that the DOC provide minimal training for legal assistants at Central Unit and provide free legal supplies to inmates with less than $46.00 in their account for a 28 day period. The Gluth order applies only the Central Unit inmates.
 
 
 10
 St. Hilaire is an inmate in the Rynning Unit. St. Hilaire does not challenge the adequacy of the facilities in the Rynning Unit. Moreover, he specifically indicates that his is not a "denial of access to the courts" claim, but an equal protection claim. Therefore, the ADOC has a rational basis for the disparate treatment of inmates in the Central Unit and those in other units, and the district court did not err by granting summary judgment in their favor. See id.
 
 
 11
 St. Hilaire also contends that the district court erred by finding that the ADOC was not a proper party in this suit.[2] We need not address this question. Even if St. Hilaire prevailed, we affirm the district court's grant of summary judgment on other grounds and there are no claims remaining in this action.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In a prior appeal, 90-15061, this court vacated and remanded this case for a determination of whether St. Hilaire had a valid equal protection claim
 
 
 [2]
 In the order dismissing St. Hilaire's original complaint, the district court stated that he "... was not of the opinion that the ADOC [could] be sued in its own name, ..." It appears that the district court dismissed the ADOC as a defendant based on eleventh amendment immunity